# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| DONILO C. BURKE, | No.  50141-4-II |
| Respondent, | |
| v. | |
| KRYSSONDRA R. BURKE, | UNPUBLISHED OPINION |
| Appellant. | |

Lee, J. — Kryssondra R. Burke appeals the trial court's final parenting plan, arguing that the trial court erred by ordering joint decision-making and by failing to limit Donilo Burke's residential time with the children because the trial court found that Donilo[1] had engaged in a history of acts of domestic violence.[2]  We reverse the trial court's ruling and remand to the trial court to order sole decision-making and either to make the findings required by statute or to restrict Donilo's residential time.

---

[1] For clarity, we refer to the parties by their first names.  We mean no disrespect.  We refer to the minor children by their initials to protect their privacy.

[2] Kryssondra also assigns error to the trial court not making a finding that Donilo's abusive use of conflict and withholding of children was a limiting factor under RCW 26.09.191(3) and to the trial court's denial of her motion for reconsideration.  However, although Kryssondra assigns error, she does not offer any argument or authority to support her contentions.  We generally will not consider assignments of error that are unsupported by argument or citation to authority.  RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).  Therefore, we decline to address whether the trial court should have made a finding that abusive use of conflict and withholding of the children were limiting factors under RCW 26.09.191(3) or whether the trial court erred in denying her motion for reconsideration.

FACTS

Kryssondra and Donilo were married in 2008. They have two children, D.B. and Z.B. Kryssondra and Donilo separated in 2013. In October 2016, the trial court found that the "[p]etition for divorce . . . should be [] approved." Clerk's Papers (CP) at 2. The trial court also entered a final parenting plan for the children.

In the final parenting plan, the trial court found that Donilo had engaged in a history of acts of domestic violence under RCW 26.09.191(1), and entered the following findings of fact,

> The court is finding that the evidence supports a finding that DONILO C. BURKE has engaged in a history of acts of domestic violence as defined in RCW 26.50.010(1). The guardian ad litem testified that DONILO C. BURKE had acknowledged at least one incident of physical violence that amounted to domestic violence against KRYSSONDRA R. BURKE, and further testified that KRYSSONDRA R. BURKE had stated there had been at least three 'significant' incidents of domestic violence during the marriage. Additional testimony was provided at trial that DONILO C. BURKE engaged in both verbal abuse, mental abuse, and physical abuse (pushing, hitting, poking) towards KRYSSONDRA R. BURKE during the relationship, which occurred on occasion in front of the children.

CP at 5. Based on its finding, the trial court ordered Donilo to complete a domestic violence evaluation and comply with any treatment recommendations.

The trial court also ordered joint decision-making for all major decisions and noted that there were no reasons to limit major decision-making. The trial court further ordered that, during the school year, the children would reside with Donilo except for every other weekend when they would reside with Kryssondra. During the summer, the children would reside with each parent, alternating every two weeks.

Kryssondra filed a motion for reconsideration of the final parenting plan. The trial court denied the motion for reconsideration. Kryssondra appeals.[3]

ANALYSIS

Kryssondra argues that the trial court erred by ordering joint decision-making and by failing to limit Donilo's residential time with the children because the trial court found that Donilo engaged in acts of domestic violence. We agree.

A.      LEGAL PRINCIPLES

We review a trial court's decision regarding a parenting plan for an abuse of discretion. *Caven v. Caven*, 136 Wn.2d 800, 806, 966 P.2d 1247 (1998). The trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or reasons. *In re Marriage of Kovacs*, 121 Wn.2d 795, 801, 854 P.2d 629 (1993). The trial court's decision is based on untenable reasons "if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard." *In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997).

RCW 26.09.191 governs restrictions and limitations in parenting plans. RCW 26.09.191(1) dictates when the trial court may restrict decision-making in a parenting plan:

> The permanent parenting plan shall not require mutual decision-making or designation of a dispute resolution process other than court action if it is found that a parent has engaged in . . . a history of acts of domestic violence . . . .

And RCW 26.09.191(2)(a) governs limitations on a parent's residential time:

---

[3] Donilo argues that the trial court erred in finding that he engaged in a history of acts of domestic violence. However, Donilo did not file a cross-appeal in this case. RAP 2.4(a) (the appellate court will only grant the respondent relief by modifying the decision on appeal if the respondent seeks review by filing a timely notice of appeal or if demanded by the necessities of the case). Therefore, we decline to review whether the trial court erred by finding that Donilo engaged in acts of domestic violence.

> The parent's residential time with the child shall be limited if it is found that the parent has engaged in . . . a history of acts of domestic violence . . . .

But RCW 26.09.191(2)(n) provides an exception to the limitation requirement in RCW 26.09.191(2)(a):

> If the court expressly finds based on the evidence that contact between the parent and the child will not cause physical, sexual, or emotional abuse or harm to the child and that the probability that the parent's or other person's harmful or abusive conduct will recur is so remote that it would not be in the child's best interests to apply the limitations of [RCW 26.09.191(2)(a)] or if the court expressly finds that the parent's conduct did not have an impact on the child, then the court need not apply the limitations of [RCW 26.09.191(2)(a)].

B.    JOINT DECISION-MAKING

Here, the trial court made a finding that Donilo had engaged in acts of domestic violence for the purposes of RCW 26.09.191, but ordered joint decision-making. RCW 26.09.191(1) contains clear and unambiguous language that prohibits the trial court from ordering joint decision-making if it makes a finding that a parent engaged in a history of acts of domestic violence. *Caven*, 136 Wn.2d 808-09.

Because the trial court found that Donilo engaged in a history of acts of domestic violence, the trial court could not order joint decision-making under RCW 26.09.191(1). Therefore, the trial court abused its discretion in ordering joint decision-making.

C.    LIMITATIONS ON RESIDENTIAL TIME

Like RCW 26.09.191(1), RCW 26.09.191(2)(a) requires the trial court to limit a parent's residential time if the trial court finds that the parent engaged in a history of acts of domestic violence. However, RCW 26.09.191(2) contains an exception if the trial court expressly finds that either (1) contact between the parent and the child will not cause physical, sexual, or emotional

4

abuse or harm to the child and that the probability that the parent's or other person's harmful or abusive conduct will recur is so remote that it would not be in the child's best interests to apply the limitations, or (2) the parent's conduct did not impact the child. RCW 26.09.191(2)(n). However, the superior court must make an express finding to exercise its discretion and refuse to impose limitations on the parent's residential time. RCW 26.09.191(2)(n).

Here, the trial court did not limit Donilo's residential time with the children, and it did so without making the express findings required by RCW 26.09.191(2)(n). Because the trial court failed to follow the plain language of the statute, it abused its discretion.

We reverse the trial court's ruling and remand to the trial court to order sole decision-making and either to make the findings required by RCW 26.09.191(2)(n) or to restrict Donilo's residential time.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, C.J.

Bjorgen, J.